UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GEPF, INC.,

                      Plaintiff,

   - against -

CITY LIGHTS INTERNATIONAL, INC., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 22, 2010

09 Civ. 4942 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff GEPF, Inc. ("GEPF") moves for summary judgment on its claims that Defendant City Lights International, Inc. ("City Lights") failed to pay a Promissory Note ("Note") in the amount of $555,120.20 (or a lesser amount outstanding under a prior agreement), and that City Lights' principals Danny Fisher and Jack Fisher (collectively, "Individual Defendants"), who guaranteed the Note, failed and refused to pay.

      The disputed debt arose from two personnel services agreements ("Agreements") dated January 9, 2008 between City Lights and, respectively, Entertainment Partners Services Group and EPSG Pixpay Services (collectively, "Assignors"). (Mem. in Opp., at 1.) Assignors provide payroll services for motion picture and television production companies. (Id. at 2.) GEPF asserts that, on or about February 19, 2009, it purchased from the Assignors the right to collect all payments due under the Agreements. (Zuckerman Aff. ¶ 20.) City Lights acknowledged receipt of and agreed to honor the assignment. (Id. Ex. 5.) On the same day, City Lights also signed the Note, in which it promised "to pay to the order of GEPF, Inc. (Lender)" the principal amount of "$555,120.20, or such lesser amount as shall equal the aggregate outstanding amount

1

owed by [City Lights] to [GEPF] under the Personnel Services Agreements at any given time." (Id. Ex. 6.)  GEPF claims $552,768.70 is currently owed on the Note.  (Mem. in Supp. 4.)

City Lights makes four general arguments against summary judgment: (1) that the amount of indebtedness under the Note is unclear and subject to factual dispute; (2) that these claims should be arbitrated pursuant to the terms of the Agreements; (3) that GEPF and the Assignors failed to comply with various requirements set forth in the Agreements, including an advance written consent and the duty to mitigate; and (4) that GEPF has produced insufficient evidence that it owns the Note.  None of these arguments has merit and they smack of dilatory tactics, except for the argument that the amount of the indebtedness due under the Note is unclear.  The Court rejects the second and third arguments because the Agreements are not controlling here; rather, the Note is.  The fourth argument fails because City Lights has acknowledged the assignment and then, on the same day, agreed to the Note.

Summary judgment is proper if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).[1]  The moving party bears the initial burden of producing admissible evidence on each material element of its claim or defense.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  Inadmissible hearsay cannot support summary judgment.  See Celotex, 477 U.S. at 327; Fed. R. Civ. P. 56(e)(1).  "[W]hen the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate."  In re

---

[1] Although Rule 56 was amended effective December 1, 2010, the Court cites to the former Rules in effect at the time this motion was filed and notes that they are substantively equivalent.

Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant.  See Scott v. Harris, 550 U.S. 372, 380 (2007).

City Lights does not deny that it signed the Note and that money may be due and owing.  It questions only the amount which may be due.  It claims an inability to confirm or refute the amount determined by GEPF because City Lights is no longer in business and the Individual Defendants lost possession of its records to creditors.  (D. Fisher Aff. ¶ 2.)  Danny Fisher's opposing affidavit states that, to his understanding, "City Lights paid for all services rendered" by the Assignors throughout 2008 and that Assignors "continued to work with City Lights and continued to advance payroll."  (Id. ¶ 6.)  He requests "an opportunity to examine the actual underlying invoices against the payments that were made in order to determine the exact amount that may be due and owing by City Lights[, which] would lead to a reduction in the amount claimed by [GEPF]."

These defenses as to amount deal with damages, not with liability.  It is clear beyond contradiction that City Lights has not paid anything on the Note and that the two guarantors are liable for that deficiency.  The Note itself fulfills GEPF's burden of proving that a debt is owed, and City Lights has offered no evidence of payment to rebut this presumption.  See Cal. Evid. Code § 635 (West 1995) ("An obligation possessed by the creditor is presumed not to have been paid.").  There is no amount of discovery which will alter the determination of liability on the Note and the obligations of the guarantors to make good on their guarantee.  The Court, therefore, grants summary judgment as to liability.

The Court does, however, find that there is a genuine dispute as to damages because GEPF has not produced any admissible evidence of the amount still due under the Note.  See Remington Invs., Inc. v. Hamedani, 64 Cal. Rptr. 2d 376, 381 (Cal. Dist. Ct. App. 2d Div. 1997)

(affirming the finding of a triable issue as to damages when the lender failed to produce admissible evidence of damages owed on a note that was not sum certain, for which the ordinary presumption does not apply). Further, the Note itself is for an indefinite amount, that is, "$555,120.20, or such lesser amount as" is owed under the Agreements. GEPF has not submitted any invoices or specific documentation defining this amount. Instead, it has only produced an Accounts Receivable Aging Report ("Report"), indicating that City Lights has paid GEPF $989,831.23 and still owes $552,768.70. The Report lists 140 invoice totals and an outstanding balance. It does not break down each invoice; it is not consistently chronologically ordered; and what appear to be three payments do not add up to the difference between the total and the balance. There is no affidavit explaining how the totals were calculated, when it was prepared, or by whom. The lack of information about the underlying calculations means that there can be no certainty about the amount due. There is a genuine dispute about damages and the Court cannot grant summary judgment on damages.[2]

The Court orders a limited period of discovery during which GEPF will produce the invoices and other documents on which the Report is based. An inquest will be held in and will hold an inquest hearing in April 2011 if the parties cannot resolve this dispute on their own.

In making this determination, the Court necessarily rejects City Lights' remaining arguments. Although Defendants argue that the Note incorporates the Agreements' requirement that any dispute arising thereunder be arbitrated, the Note does not contain a general integration clause. It simply references the Agreements for calculation of one term—the amount of debt owed. Otherwise, both the Note and the Guaranties specifically state that the Lenders and GEPF

---

[2] Contrary to GEPF's arguments, Rule 56(f) does not apply. Here, GEPF has failed to meets its initial burden as to damages. As a result, summary judgment as to this element is improper based on the record as it currently exists. Rule 56(f) applies when summary judgment is proper on the record, but the opposing party argues that further discovery would reveal specific facts that, in turn, would create a genuine dispute.

"prefer than any dispute be resolved in litigation." (Zuckerman Aff. Ex. 7 at 9 & Ex. 8 at 9.) "If a dispute arises under a collateral agreement, arbitration of that dispute cannot be compelled merely based upon the existence of an arbitration clause in the main agreement." Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59, 64 (2d Cir. 1983). This conclusion is underscored by the fact that GEPF was not a party to either Agreement.

In addition, the Court rejects City Lights' challenges to the assignment's validity and the fulfillment of the Agreements' advance written consent and mitigation requirements. The Note is payable to the order of GEPF and voluntarily signed by City Lights' CEO Danny Fisher. (D. Fisher Aff. ¶ 7.) Fisher voluntarily signed an Acknowledgement of Assignment. (Id. ¶ 11.) In addition, City Lights voluntarily signed an Acknowledgement of the Assignment of its debt to GEPF. City Lights has offered no evidence undermining the veracity of these documents. See, e.g., Moore v. Gould, 91 P. 616, 617 (Cal. 1907) ("[A] presumption of consideration arises from the writing [of the note] itself.").

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED as to liability and DENIED as to damages. The Court orders limited document and deposition discovery of the invoices and other documents evidencing the amount of debt owed, if any. The Clerk of Court is directed to terminate this motion

Dated: New York, New York
       December 22, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

5